995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Elwood SMITH, Plaintiff-Appellant,
v.
Stephen NORRIS; David Russell; Tony R. Young; Donald
Campbell; Alton Hesson; Mike Slaughter; Cpl. William
Perkinson; Sgt. Beverly Harris; Roberta Pierce; Wayne
Plunk; Bryant Williams; Jerry Byrd; Sgt. R. Starbuck;
Jan Cox; John E. Powers; Marty Hester; James E. Allen;
Ronnie Green; Claudie Estes; Princess Saavedra; David
Stewart, Defendants-Appellees.
 No. 92-5790.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Charles Elwood Smith, a Tennessee state prisoner, requests the appointment of counsel on appeal from the final order in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smith brought suit against twenty-one employees of the Tennessee Department of Corrections, seeking declaratory and monetary relief, and alleging that his civil rights had been violated in various ways as a result of three disciplinary write-ups he received in November and December 1986. The magistrate judge initially recommended that all but two of Smith's claims be dismissed as frivolous. The district court adopted this recommendation over Smith's objections. After further proceedings, the magistrate judge recommended that the defendants be granted summary judgment on the claim of Eighth Amendment violations, as well as on the claim of due process violations during one of the three disciplinary hearings. However, it was recommended that Smith receive declaratory relief on his claims that his due process rights had been violated during two of the disciplinary hearings. Finally, however, the magistrate judge concluded that defendants were entitled to qualified immunity from damages on these claims, as their actions could have reasonably been thought consistent with Smith's due process rights. See Anderson v. Creighton, 483 U.S. 635, 638 (1987). The district court also adopted this recommendation over objections from both parties. This appeal followed.
 
 
 4
 Upon review, the request for counsel is denied and the disposition of this complaint is affirmed in all respects for the reasons stated by the magistrate judge and adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation